COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-356-CR
  
  
BRUCE 
SCOTT GARRETT                                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1] ON APPELLANT’S PETITION
FOR DISCRETIONARY REVIEW
 
------------
        Pursuant 
to rule of appellate procedure 50, we have reconsidered our opinion upon 
Appellant’s petition for discretionary review. See Tex. R. App. P. 50. We withdraw our 
March 18, 2004 opinion and judgment and substitute the following.
        Appellant 
Bruce Scott Garrett was convicted of aggravated sexual assault with a deadly 
weapon in 1993 and sentenced to seventy-five years’ confinement. This 
conviction was affirmed on appeal.[2]  Appellant 
filed a motion for post-conviction forensic DNA testing in November 2002,[3] which the
trial 
court denied on August 14, 2003. The trial court entered findings of fact and 
conclusions of law, which stated in pertinent part:
Identity 
was not or is not an issue in this case because the defendant was found hiding 
above the location of this sexual assault right after it occurred.
 
Since 
the defendant’s identity was not or is not at issue in this case, he does not 
meet the requirements of Chapter 64 of the Texas Code of Criminal Procedure for 
forensic DNA testing of evidence.

See 
Tex. Code Crim. Proc. Ann. art. 
64.03(a)(1)(B). In two issues, Appellant appeals the trial court’s denial of 
his motion.
        In 
reviewing a trial court’s decision on a DNA request, we employ a bifurcated 
standard of review. We afford almost total deference to a trial court’s 
determination of issues of historical fact and application of law to fact issues 
that turn on credibility and demeanor, while reviewing de novo other application 
of law to fact issues. See Whitaker v. State, No. 74612, 2004 WL 63981, 
at *2-3 (Tex. Crim. App. Jan. 14, 2004); Rivera v. State, 89 S.W.3d 55, 
59 (Tex. Crim. App. 2002), cert. denied, 124 S. Ct. 27 (2003).
        In 
Appellant’s first issue, he argues that the trial court erred in finding 
identity was not or is not an issue in this case. A defendant has the burden to 
show that identity was or is an issue without regard to the possible results of 
any future forensic DNA tests. Bell v. State, 90 S.W.3d 301, 308 (Tex. 
Crim. App. 2002). Appellant contends that there was conflicting testimony at 
trial from various witnesses regarding the description of the assailant and that 
identity was or is an issue. In its reply to the motion for forensic DNA 
testing, the State responded that identity was not or is not an issue because 
Appellant was “essentially caught in the act of the offense” of aggravated 
sexual assualt. After the sexual assault, Appellant forced the partially nude 
victim into a closet and told her not to make any noise. When the police arrived 
to investigate a disturbance call, Appellant climbed into the attic through a 
trap door in the closet, where the police found him hiding under a pile of 
insulation. Applying the appropriate standard of almost total deference to the 
trial court’s findings of fact, we conclude the trial court did not err in 
denying Appellant’s motion for DNA testing because identity was not or is not 
an issue in the case. We overrule Appellant’s first issue.
        In 
Appellant’s second issue, he contends that the trial court erroneously failed 
to enter a finding regarding chain of custody. The trial court was not required 
to find that the biological evidence in this case was subject to a sufficient 
chain of custody because it found that Appellant was not entitled to DNA 
testing. See Tex. Code Crim. Proc. 
Ann. art. 64.03(a). We overrule Appellant’s second issue.
        Having 
overruled both of Appellant’s issues, we affirm the trial court’s judgment.
  
 
                                                                  PER 
CURIAM
  
  
PANEL 
F:   HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 31, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Garrett v. State, No. 02-93-00432-CR (Tex. App.—Fort Worth Mar. 23, 
1995, no pet.) (not designated for publication).
3.  
See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. 
Laws 2, 3-4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03 
(Vernon Supp. 2004-05)). Although article 64 was amended in 2003, this appeal is 
governed by the 2001 law. See Act of Apr. 25, 2003, 78th Leg., R.S., ch. 
13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs 
motions for DNA testing filed before September 1, 2003).